XIU CHOUNG, also known as Xiao Bin Zou, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

No. 03–40532.

United States Court of Appeals, Second Circuit.

April 11, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Gordon B. Cecil, Assistant United States Attorney, for Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, Muskogee, Oklahoma, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMAN, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Xiu Peng Choung petitions, through counsel, for review of a September 2003 order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act of 1952 as well as for relief under Article 3 of the U.N. Convention Against Torture ("CAT"). The parties' familiarity with the facts and procedural history is assumed.

We lack jurisdiction to review the BIA's conclusion that Choung's asylum application was time-barred by 8 U.S.C. § 1158(a)(2)(B) because Choung raises no constitutional or statutory challenge to that conclusion. *See* 8 U.S.C. § 1158(a)(3);

*Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 154 (2d Cir.2006).

With respect to the issues we do have jurisdiction to review, the BIA correctly concluded that Choung failed to establish eligibility for withholding of removal and CAT relief. In testimony that the BIA assumed to be true, Choung asserted that on one occasion he was beaten, though not severely enough to require medical attention, and arrested by Chinese officials for participating in a private bible study session. This alleged conduct is not sufficiently extreme to constitute persecution, a prerequisite to establishing eligibility for asylum. *See Yuan v. United States Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Eusebio v. Ashcroft,* 361 F.3d 1088, 1091 (8th Cir.2004)). It, therefore, follows that this allegation cannot satisfy the higher standards for withholding of removal, nor does it rise to the level of conduct constituting torture so as to make Choung eligible for CAT relief. *See* 8 C.F.R. § 208.16(c)(2); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004).

For the reasons set forth above, the petition for review is DISMISSED in part and DENIED in part.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as Respondent.